# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANGELA MICHELLE BLACKSTONE
and TIMOTHY M. BLACKSTONE,

    Plaintiffs,

v.                                                      CASE NO: 8:16-cv-2112-T-30TGW

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Appraisal and to Stay Proceedings and Incorporated Memorandum of Law (Dkt. 18) and Plaintiffs' Response in Opposition (Dkt. 19). Upon review, the Court grants Defendant's motion.

## DISCUSSION

Defendant American Security Insurance Company seeks to compel appraisal of Plaintiffs' sinkhole claim pursuant to the terms of the subject lender placed insurance policy (the "Policy"). The subject claim involves a confirmed sinkhole loss at Plaintiffs' property located at 1532 Touchton Road, Lutz, Florida 33549 (the "Property"). The parties recently completed neutral evaluation of the claim pursuant to Fla. Stat. § 627.7074. Plaintiffs have rejected the neutral evaluator's recommendations for the performance of subsurface repairs.

Defendant's motion seeks to compel appraisal pursuant to the Policy's mandatory appraisal provision. Defendant invoked appraisal shortly after the stay (due to neutral evaluation) was lifted in this case and upon learning that Plaintiffs would not accept the neutral evaluation report. Plaintiffs oppose Defendant's motion.

Florida law is well-settled that appraisal is an appropriate forum to resolve a sinkhole dispute where the insurer accepts coverage for the sinkhole loss and one of the parties invokes appraisal. *See Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*, 162 So. 3d 140, 143 (Fla. 2d DCA 2014); *State Farm Florida Ins. Co. v. Phillips*, 134 So. 3d 505, 508 (Fla. 5th DCA 2014); *see also Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002). Notably, a party may invoke the appraisal process after the parties have participated in neutral evaluation. *See Keenan v. American Security Ins. Co.*, No. 8:15-cv-913-T-36TBM, 2015 WL 4507634, at *3 (M.D. Fla. July 24, 2015) (compelling appraisal after the parties participated in neutral evaluation); *Florida Ins. Guaranty Ass'n v. Santos*, 148 So. 3d 837, 839 (Fla. 5th DCA 2014) (affirming order compelling parties to participate in appraisal after the insurer had accepted the recommendations of the neutral evaluator).

Plaintiffs' opposition raises one argument: Plaintiffs contend that Defendant waived its right to seek appraisal because it answered the complaint without demanding appraisal. This argument is flawed because Plaintiffs rely on arbitration cases, not appraisal cases,

which apply a different legal standard. Plaintiffs do not cite a single case in the appraisal context to support their position.

The Court concludes that waiver is inapplicable here because Defendant has not taken any steps to substantially participate in this litigation. Defendant conducted no discovery and raised the issue of appraisal during the Case Management Conference soon after learning that Plaintiffs would not accept the neutral evaluation report.[1] Accordingly, the Court will enforce the Policy's appraisal provision and compel Plaintiffs to participate in the appraisal of the underlying sinkhole claim. Notably, not only is appraisal mandatory under the Policy, if invoked by either party, but appraisal of the underlying claim may resolve this matter in its entirety.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Compel Appraisal and to Stay Proceedings (Dkt. 18) is granted.

2. The parties shall participate in the appraisal of the underlying sinkhole claim and this case is hereby stayed during the appraisal process.

3. The Clerk is directed to administratively close this case.

---

[1] Indeed, the parties' Case Management Report, which was filed on April 3, 2017, states under the section "Other Matters" that "Defendant's preparation and submission of this report is without prejudice or waiver of any right to seek appraisal with respect to the underlying claim." (Dkt. 14 at 7).

4. The parties shall file a joint status report within ten (10) days of the conclusion of the appraisal process.

5. Defendant's Motion to File Reply (Dkt. 20) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 19, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record